IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JACINTO TARON ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 3:18-cv-1008-LSC-CSC |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Jacinto Taron Robinson's motion under 28 U.S.C. § 2255 to

vacate, set aside, or correct sentence by a person in federal custody. Doc. 1.[1]

## I.  INTRODUCTION

In March 2016, a grand jury in the Middle District of Alabama returned a two-count

indictment charging Robinson and three codefendants with carjacking, in violation of 18

U.S.C. § 2119, and brandishing a firearm to further a crime of violence (i.e., the

carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[2] Robinson's case came to trial on

August 3, 2016. Doc. 12-1. The Eleventh Circuit summarized the trial evidence:

> In August 2014, Robinson's codefendant Stanley Hinton, using an
> alias, posted an ad on Craigslist for the sale of a 1989 Mercury Grand
> Marquis. Jeffrey Allen responded to the ad and eventually purchased the car

---

[1] Unless otherwise indicated, references to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] Robinson was charged along with Stanley Hinton, Tawanda Sears, and Delricco Jones. The indictment charged Robinson and his codefendants with aiding and abetting each other in the offenses. *See* 18 U.S.C. § 2.

from Hinton for $2,000. During the sale, Hinton introduced Robinson to Allen as his "brother." Two weeks later, Allen decided to return the vehicle for $1,800 because Hinton never sent him the vehicle title and because the rims were not included in the purchase price as advertised. He contacted Hinton, and they agreed to meet near a gas station to make the exchange.

Allen's cousin Elicia [ ] followed behind Allen in her own car, and she and Allen both testified at trial as to the events that followed. As Allen and Elicia arrived, Hinton and Robinson were waiting in a Dodge Charger with two other people, one of whom was later identified as Delricco Jones. Robinson and Jones were both seated in the back seat of the Charger. Upon Allen's arrival, Hinton and Robinson got out of the Charger and approached Allen. Hinton told Allen that he wanted Robinson, who was a mechanic, to examine the car before they made the exchange. Robinson claimed to have heard a tapping noise from the engine, opened the hood to examine it, and then asked to drive the car around the gas station to ensure it was in good condition. Allen agreed and stepped into the passenger's seat. Robinson began to drive, and as he reached the back of the gas station, he accelerated abruptly. Allen feared Robinson would drive the car away with him, so he hurriedly grabbed the gear shift and placed the car in park.

Jones, who up until this time had remained in the Charger, left the Charger and walked up to the passenger side of the Marquis where Allen was seated. He then pointed a gun at Allen and told him to get out of the car. Fearing for his life, Allen leapt from the car, and Jones took his place in the passenger seat. Robinson then sped away in the Marquis, followed by Hinton and the other person in the Charger.

At trial, a detective who interviewed Robinson testified that Robinson initially denied ever being present at the scene but then changed his story to say that he went only as a mechanic to examine the Marquis. Robinson allegedly told the detective that he got back into the Charger after examining the Marquis and that Jones had actually been the one to drive the Marquis around the gas station. At trial, the prosecution also admitted an audio recording of Robinson offering an account confirming Allen's story.

*United States v. Robinson*, 718 F. App'x 829, 830–31 (11th Cir. 2017) (footnote omitted).

On August 4, 2016, the jury returned verdicts finding Robinson guilty of carjacking (Count 1) and brandishing a firearm to further a crime of violence (Count 2), as charged in the indictment. Doc. 12-2 at 6. After a sentencing hearing on February 6, 2017, the district

2

court sentenced Robinson to 96 months in prison for Count 1 and 84 months in prison for Count 2, to be served consecutively for a total of 180 months. Doc. 12-7; Doc. 1-1 at 2.

Robinson appealed, arguing that (1) the government presented insufficient evidence to prove that he willfully participated in the carjacking or that he knew one of his codefendants would use a gun, and (2) his sentence was unreasonable because it exceeded the sentence imposed on another codefendant (Stanley Hinton) who was more culpable and similarly situated in age and criminal history. Doc. 12-3. On December 8, 2017, the Eleventh Circuit issued an opinion rejecting Robinson's arguments and affirming his convictions and sentence. *United States v. Robinson*, 718 F. App'x 829 (11th Cir. 2017).

On November 30, 2018, Robinson, acting *pro se*, filed this § 2255 motion asserting the following claims:

1.  His trial counsel was ineffective for failing to challenge the government's contention that Robinson was at the scene when codefendant Stanley Hinton sold the automobile to the victim Jeffrey Allen and for failing to "completely and competently argue these material facts at trial."

2.  His appellate counsel was ineffective for failing to argue on appeal that his sentence was excessively disparate from that of codefendant Stanley Hinton.

3.  His appellate counsel was ineffective for failing to argue on appeal that carjacking is not a crime of violence.

Doc. 1 at 4–7, 13.

For the reasons that follow, the Magistrate Judge finds that Robinson's § 2255 motion should be denied without an evidentiary hearing and this action should be dismissed

with prejudice. Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

## II.  DISCUSSION

### A.     General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.     Claims of Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

4

Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To establish ineffective assistance

of appellate counsel, a movant must demonstrate "that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker[.] Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994).

### 1. *Failure to Challenge Government Claim That Robinson Was at Scene of Sale of Automobile to Victim*

Robinson claims his trial counsel was ineffective for failing to challenge the government's contention, through the testimony of victim Jeffrey Allen, that Robinson was at the scene when codefendant Stanley Hinton sold the 1989 Mercury Grand Marquis to Allen and for failing to "completely and competently argue these material facts at trial."[3] Doc. 1 at 4, 13.

Robinson's claim is belied by the record, which shows that his trial counsel cross-examined Allen extensively about the events surrounding Allen's purchase of the automobile. Doc. 12-1 at 105, 109–12. Robinson's counsel questioned Allen about his recollection of the events and even elicited testimony from Allen that, during the ensuing investigation, Allen could not pick out Robinson in a photo lineup. Doc. 12-1 at 112. Later, after the close of testimony, in arguing a motion for judgment of acquittal, Robinson's counsel made the same point about Allen's inability to identify Robinson in the photo

---

[3] Allen testified that Robinson was present at the scene during the sale of the automobile and that Hinton introduced Robinson to him as his "brother." Doc. 12-1 at 65–66.

lineup and also asserted that the evidence showed Robinson was not present when Allen bought the automobile. Doc. 12-1 at 179–80.

Notwithstanding Robinson's claim, Robinson's trial counsel completely and competently argued against the government's contention that Robinson was present when Allen bought the automobile. Robinson has not shown that his counsel's performance was professionally unreasonable or that he was prejudiced by counsel's allegedly deficient performance. Consequently, he is entitled to no relief on this claim of ineffective assistance of counsel.

## 2. *Failure to Challenge Sentence Disparity on Appeal*

Robinson claims his appellate counsel was ineffective for failing to argue that his sentence was excessively disparate from that of his codefendant Stanley Hinton. *See* Doc. 1 at 5.

In imposing a sentence, a district court is required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A district court has broad discretion when determining the weight to be given each factor in 18 U.S.C. § 3553(a).[4] *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011).

Here, again, Robinson presents a claim belied by the record. After Robinson was sentenced, his trial counsel moved to reconsider the sentence. Doc. 12-10. Trial counsel

---

[4] In imposing sentence, the district court is required to consider a variety of factors, including (1) the nature and circumstances of the offense, (2) the defendant's history and characteristics, (3) the kinds of sentences available, (4) the applicable sentencing guidelines range, (5) pertinent policy statements of the Sentencing Commission, (5) the need to provide restitution to any victims, and (6) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553.

observed that Robinson was sentenced to 180 months, while codefendant Hinton was sentenced to 120 months. Based on this disparity, Robinson's trial counsel, and later his counsel on appeal, argued that Robinson's sentence was unreasonable and excessively disparate from the sentence imposed on Hinton. The argument was rejected by the district court and by the Eleventh Circuit. In denying Robinson relief on this claim on appeal, the Eleventh Circuit stated:

> Here, Robinson claims that his 180-month sentence is unreasonable because the balance of the [18 U.S.C.] § 3553(a) factors required the district court to "avoid unwarranted sentence disparities" among co-defendants. In particular, Robinson argues that his sentence is unreasonable because Hinton's sentence is 120 months despite his being similarly situated in age and criminal history and his having played a larger role in the carjacking.

> But the district court did not abuse its discretion because it properly considered the facts in the record as well as the § 3553(a) factors. The district court expressly considered Robinson's history and characteristics and afforded this factor more weight over the others, as it has discretion to do. *See [United States v.] Rosales-Bruno*, 789 F.3d [1249,] at 1256 [(11th Cir. 2015)]. It concluded that Robinson's sentence was appropriate based on his extensive criminal history, which included prior firearm offenses in 2010 and 2013, theft by receiving stolen property, and fleeing arrest.

> In its order denying Robinson's motion for reconsideration of his sentence, the district court properly considered Robinson's arguments regarding sentence disparities between Robinson and his codefendants. It noted that while it could have varied downwardly to give Robinson a sentence more similar to Hinton's, it had determined that the § 3553(a) factors, particularly the criminal history, warranted Robinson's 180-month sentence. The imposed sentence fell within the guideline range, creating the expectation that such a sentence, based on the record, is reasonable, even though it differed from Hinton's sentence. *See [United States v.] Alvarado*, 808 F.3d [474,] at 496 [(11th Cir. 2015)]. Furthermore, it appears that Robinson did not present any evidence that he and Hinton were similarly situated, which the district court explained it would not know because a different judge had sentenced Hinton. Thus, Robinson's sentence is substantively reasonable.

*Robinson*, 718 F. App'x at 832–33.

The record shows that Robinson's appellate counsel zealously argued the claim that Robinson's sentence was excessively disparate from that of codefendant Hinton. Robinson has not shown that his appellate counsel's performance was professionally unreasonable or that he was prejudiced by counsel's allegedly deficient performance. He is entitled to no relief on this claim of ineffective assistance of counsel.

### 3. *Failure to Argue Carjacking Is Not Crime of Violence*

Finally, Robinson argues that his appellate counsel was ineffective for failing to argue on appeal that carjacking is not a "crime of violence" for purposes of sustaining a conviction under 18 U.S.C. § 924(c). Doc. 1 at 7.

On Count 2 of the indictment, Robinson was convicted of brandishing a firearm to further a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The underlying "crime of violence" for this conviction was the carjacking charged in Count 1 of the indictment. *See* 18 U.S.C. § 2119.

There would have been no merit in a claim raised on appeal that carjacking is not a crime of violence for purposes of sustaining Robinson's § 924(c) conviction. Binding Eleventh Circuit precedent has established that carjacking under 18 U.S.C. § 2119 is categorically a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s use-of-force clause. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019) (holding that carjacking in violation of 18 U.S.C. § 2119(1)–(2) is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause). That binding precedent counters any claim by Robinson that his § 924(c) is invalid.

It does not matter that the predicate crime of violence for Robinson's § 924(c) conviction was, specifically, *aiding and abetting* carjacking. The Eleventh Circuit has repeatedly held that where the companion substantive offense qualifies as a crime of violence under the use-of-force clause, aiding and abetting the companion substantive offense equally qualifies as a crime of violence under the use-of-force clause. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *Steiner*, 940 F.3d at 1293; *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Harvey*, 791 F. App'x 171, 171–72 (11th Cir. 2020).

Carjacking in violation of 18 U.S.C. § 2119 is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *Steiner*, 940 F.3d at 1293. Because there would have been no merit in a claim that carjacking is not a crime of violence to sustain Robinson's § 924(c) conviction, Robinson is entitled to no relief on this claim. Counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

### III. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Robinson be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **November 4, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of October, 2021.

　　　　　　　　　　　　/s/   Charles S. Coody
　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE